## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TONY MILLEDGE,
  *Plaintiff*,

  v.

CITY OF HARTFORD and HARTFORD
FIRE DEPARTMENT,
  *Defendants*.

No. 3:19-cv-01104 (JAM)

### ORDER GRANTING PARTIAL MOTION TO DISMISS

Tony Milledge is a firefighter for the City of Hartford. He has sued the City as well as the Hartford Fire Department, alleging that they have discriminated against him on the basis of his race and his age. The defendants have filed a partial motion to dismiss. They argue that the fire department is not a legal entity that may be subject to suit and that the complaint otherwise fails to allege enough facts to state a claim for race discrimination. I agree and accordingly will grant the partial motion to dismiss.

### BACKGROUND

Milledge is an African-American male who has more than 20 years of service as a firefighter for the City of Hartford. *See* Doc. #1 at 1-2 (¶¶ 3, 6). According to Milledge, he was subject to race discrimination in two separate incidents that occurred in March 2018.

In the first incident, "plaintiff was on a call and Chief Tenney, a younger Caucasian supervisor, began harassing the plaintiff, yelling and screaming at him inches from his face." *Id*. at 2 (¶ 7). The complaint says nothing more about this first incident.

In the second incident, "plaintiff was on another call and was physically assaulted by Chief Jim Erickson, a Caucasian supervisor." *Id*. at 2 (¶ 8). The complaint says nothing more about this second incident.

1

Milledge "complained" to two lieutenants about the second incident "but his complaint was rebuffed." *Id*. at 2-3 (¶ 9). "Upon information and belief," the complaint goes on, "the defendants have never tolerated such abuse of Caucasian firefighters by their superior officers." *Id*. at 3 (¶ 10).

Milledge has filed a three-count complaint. The first two counts allege parallel claims of race discrimination in the form of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. 46a-60(b)(1), alleging identical facts in support of his claims under both statutes. The third count alleges age discrimination in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.[1]

Defendants move to dismiss. First, they seek dismissal of all claims against the defendant Hartford Fire Department on the ground that the department—as distinct from the City of Hartford—is not a legal entity that is subject to suit. Because Milledge agrees with this argument, I will dismiss all claims against the Hartford Fire Department. Second, the City of Hartford argues that Milledge's allegations of race discrimination should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. I will address this argument below.

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court has explained, this "plausibility" requirement is "not akin to a

---

[1] Because the City does not challenge the validity of Milledge's claim for age discrimination in the present motion, this ruling does not describe the additional allegations in the complaint that relate solely to the claim for age discrimination.

probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. In other words, a valid claim for relief must cross "the line between possibility and plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In addition, a complaint cannot rely on conclusory allegations. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). A complaint that engages in a threadbare recital of the elements of a cause of action but that fails to include supporting factual allegations does not establish plausible grounds for relief. *Ibid*. In short, a court's role when reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory recitals—alleges enough facts to state a facially plausible claim for relief.

For Title VII claims of race discrimination, a complaint must allege enough facts to allow for a plausible inference that the employer took adverse action against an employee and that the employer did so because of the employee's race. No matter how strongly a plaintiff may believe he has been victimized for improper discriminatory reasons, he must allege facts suggesting this to be so. As the Second Circuit has made clear, "the facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015).[2]

A plaintiff may show circumstances permitting an inference of discriminatory intent in many ways. Sometimes a plaintiff may allege specific remarks or statements that reveal racial animus. Other times a plaintiff may allege preferential treatment afforded to one or more other employees who are similarly situated to the plaintiff but who are not the same race as the plaintiff. Myriad other factual circumstances might suggest that a motivating factor for the

---

[2] Similarly, CFEPA also requires a showing that the adverse action occurred in "circumstances permitting an inference of discrimination." *Craine v. Trinity Coll.*, 259 Conn. 625, 639 (2002). The analysis of discrimination claims under CFEPA is the same as under Title VII. *See Bentley v. AutoZoners, LLC*, 935 F.3d 76, 90 (2d Cir. 2019); *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 556 (2d Cir. 2010).

employer's adverse action against the plaintiff was the plaintiff's race. *See id.* at 87 (noting how a plaintiff may meet the burden by citing "direct evidence of intent to discriminate or by indirectly showing circumstances giving rise to an inference of discrimination").

As an initial matter, Milledge alleges enough facts to show that he was subject to verbal intimidation by one supervisor and to a physical assault by another supervisor. I will assume for present purposes that these facts are enough to establish an intimidating and hostile work environment, although they are far more sparse than the detailed facts usually pleaded for such a claim. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993) (describing multi-factor standard to evaluate whether conditions amounted to a hostile work environment); *Rasmy v. Marriott Int'l, Inc.*, 952 F.3d 379, 387 (2d Cir. 2020) (same); *cf. Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995) ("even a single incident of sexual assault sufficiently alters the conditions of the victim's employment and clearly creates an abusive work environment for purposes of Title VII liability").

What is lacking, however, are facts to suggest that any of the alleged abuse was *because of* Milledge's race. Milledge does not recite any statements by the two supervisors to suggest that they picked on him because of his race. Nor does Milledge allege facts to suggest that race considerations generally permeated the overall working environment at the fire department—for example, that supervisors at the fire department made any remarks or engaged in any conduct reflecting race-based animus or stereotypical assumptions about race.

Milledge alleges that the defendants "have never tolerated such abuse of Caucasian firefighters by their superior officers." Doc. #1 at 3 (¶ 10). But because Milledge does not allege any of the surrounding factual context for the acts of abuse against him, it is impossible to evaluate whether Caucasian firefighters were ever in similar situations and whether the two

supervisors at issue treated Caucasian firefighters more favorably than Milledge. As a general rule, when a plaintiff seeks to raise an inference of discrimination by means of comparing how he was treated to how the employer treated others, the plaintiff must allege facts to show that he was similarly situated in all material respects to the individuals with whom he seeks to compare himself. *See Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014). Milledge has not done so.

Milledge also alleges that two lieutenants rebuffed him when he complained about one of the incidents of abuse. But because Milledge does not allege that he told the lieutenants that the supervisor's abuse was based on race, the fact that the lieutenants rebuffed his complaint does nothing to suggest that racial considerations had anything to do with the lieutenants' rejection of his claim.

Ultimately, Milledge suggests that race discrimination may be inferred simply from the fact that he is of a different race than the two supervisors who yelled at him and assaulted him. But a claim for discrimination is not made plausible simply because the person who has engaged in an adverse action is of a different race than the plaintiff. "Law does not blindly ascribe to race all personal conflicts between individuals of different races," because "[t]o do so would turn the workplace into a litigious cauldron of racial suspicion." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 282 (4th Cir. 2000). Thus, "[t]he mere fact that [supervisors] were of a different race than [plaintiff] . . . is insufficient to permit an inference of discrimination," because "[u]nder a contrary rule, federal anti-discrimination laws would be implicated every time an employee suffered an adverse employment action at the hands of a supervisor of a different race, religion, sex, national origin, or, conceivably in some cases, age or disability status." *Coulton v. Univ. of Pennsylvania*, 237 F. App'x 741, 747-48 (3d Cir. 2007).

Numerous district courts have dismissed discrimination complaints that rely solely on the fact that the plaintiff was of a different race than a manager or supervisor who engaged in adverse action against the plaintiff. *See Langston v. UFCW Local 919*, 2019 WL 6839336, at *3 (D. Conn. 2019) (collecting cases); *Pinder v. Employment Dev. Dep't*, 227 F. Supp. 3d 1123, 1145 (E.D. Cal. 2017). The same result follows here.

### CONCLUSION

For the reasons set forth in this ruling, the Court GRANTS defendants' partial motion to dismiss. The Hartford Fire Department is DISMISSED with prejudice as a defendant. Counts One and Two alleging race discrimination against the City of Hartford under Title VII and CFEPA are DISMISSED without prejudice to re-pleading within 21 days if there are additional facts that would plausibly sustain these claims. If Milledge chooses to file an amended complaint, the amended complaint should not only state additional facts to support an inference of discriminatory motive but also to show that the alleged acts of abuse created a hostile work environment. It is so ordered.

Dated at New Haven, Connecticut this 29th day of June 2020.

/s/*Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge